UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DSI VENTURES, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | NO. 6:17-cv-00498-RWS |
| | § | |
| DAVID W. SUNDIN and | § | |
| ENGINEERED FLUIDS, LLC, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
AND BRIEF IN SUPPORT**

Plaintiff DSI Ventures, Inc. ("DSI Ventures"), through the undersigned counsel, respectfully moves to strike all affirmative defenses asserted by Defendants David W. Sundin and Engineered Fluids, LLC pursuant to FED. R. CIV. P. 12(f).

**FACTUAL BACKGROUND**

1.      In 2015, DSI Ventures registered the mark Opticool Fluid® on the Principal Register of the United States Patent and Trademark Office for electrical insulating materials, namely, dielectric heat transfer fluid, as evidenced by Registration No. 4780039. U.S. Registration No. 4780039 is valid and fully in force and effect. On August 17, 2017, DSI Ventures filed this lawsuit to protect its registered trademark from infringement by Defendants based on Defendants' conduct which began in 2017 and to recover damages caused by Defendants' infringement. DSI Ventures alleged claims for trademark infringement under the Lanham Act, unfair competition and unjust enrichment with all three claims flowing from Defendants infringement of DSI Ventures' registered trademark.

2.      In answering the lawsuit, Defendants have alleged ten affirmative defenses nine of which are effectively claims against Dawn Allen who is not a party to the Lawsuit.  Specifically, the affirmative defenses are: (1) failure to state a claim due to no actual confusion of the Federal Trademark; (2) false claims; (3) lack of standing by Dawn Allen since she allegedly owns only 50% of DSI Ventures; (4) unjust enrichment by Dawn Allen; (5) breach of contract by Dawn Allen involving a purported agreement with Defendant Sundin; (6) breach of fiduciary duty against Dawn Allen; (7) false claims by Dawn Allen; (8) unconscionability due to Dawn Allen's failure to secure a license or to purchase property; (9) lack of consideration by Dawn Allen; and (10) sanctions against Dawn Allen.

## GROUNDS FOR MOTION TO STRIKE

3.      Affirmative Defense 1, "No actual confusion of the Federal Trademark," and Affirmative Defense 7, "statements made as facts are false," should be stricken under FED. R. CIV. P. 12(f) because both are redundant when compared to Defendants' Amended Answer.

4.      Affirmative Defenses 2 through 6 and 8 through 10 should be stricken because each of these alleged affirmative defenses is an "insufficient defense" in that even if the Court accepts the allegations as true, the Defendants would not be relieved of liability for trademark infringement.

## ARGUMENTS AND AUTHORITIES

**This Court has discretion to Strike an Insufficient Defense and any Redundant Matter.**

5.      A trial court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either on the court's own initiative or on motion made by a party so long as the motion to strike is made before responding to the pleading.  FED. R. CIV. P. 12(f).  While motions to strike affirmative defenses are viewed with disfavor and are infrequently granted, a district court has "ample discretion" in determining whether to strike a

defense pursuant to Rule 12(f).  *See In re Beef Indus. Antitrust Litig.*, MDL Docket No. 248, 600 F.2d 1148, 1168 (5th Cir. 1979).  It is proper to grant a motion to strike "when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962).  "Weeding out legally insufficient defenses at an early stage of a complicated law suit may be extremely valuable to all concerned 'in order to avoid the needless expenditures of time and money,' in litigating issues which can be foreseen to have no bearing on the outcome." *Narragansett Tribe of Indians v. So. R.I. Land Devel.*, 418 F. Supp. 798, 801 (D. R.I. 1976) citing *Purex Corp., Ltd. v. General Foods Corp.*, 318 F. Supp. 322, 323 (C.D.Cal.1970). Whether to grant a motion to strike depends on the circumstances of each case. *Mastrocchio v. Unnamed Supervisor Special Invest. Unit*, 152 F.R. D. 439, 441 (D. R.I. 1993).

**Affirmative Defenses 1 and 7 are Redundant and Should be Stricken under Rule 12(f).**

6.      Affirmative Defense 1 alleges "No actual confusion of the Federal Trademark." This affirmative defense is redundant when compared to Defendants' Amended Answer to Plaintiff's Original Petition.  Paragraph 6.4 of Plaintiff's Original Petition, along with subparagraphs 6.4A through 6.4E, provide detailed allegations as to the confusion caused by Defendants' use of the mark "CoolFluids."  Defendants' denied Plaintiff's allegations of confusion in their Amended Answer, Affirmative Defenses and Counterclaims, notably at paragraphs 6.4, 6.4A, 6.4B, 6.4C, 6.4D and 6.4E of the Amended Answer.  See Doc. 63, page 2.  In paragraph 7.3 of Plaintiff's Original Petition, Plaintiff alleges that Defendants have been "using a confusingly similar mark" and that Defendants' use of "CoolFluids" "was intended to lead to confusion and mistake."  In this same paragraph 7.3, Plaintiff also alleges "the previous relationship between [Plaintiff] DSI [Ventures] and Defendant Sundin is evidence of the likelihood of confusion."  In their Amended

Answer, Defendants deny the facts as stated and characterized in paragraph 7.3 of Plaintiff's Original Petition.

7.      In a trademark infringement lawsuit, where a defendant denies the plaintiff's allegations of confusion and also alleges an affirmative defense of "lack of confusion," such an affirmative defense is redundant and should be stricken under FED. R. CIV. P. 12.  *Republic Title of Texas, Inc. v. First Republic Title, LLC*, No. 3:14-CV-3848-B, 2015 WL 1914635, at *3 (N.D. Tex. Apr. 27, 2015); *see also Insuremax Ins. Agencies, Inc. v. Shanze Enters, Inc.*, No. 3:13-CV-1231-M, 2013 WL 4014476, at *6 (N.D. Tex. Aug. 7, 2013).  Under these authorities and from a reading of the relevant pleadings, Affirmative Defense 1 which attempts to raise the issue of no confusion is redundant when compared to Defendants' denials and, therefore, should be stricken pursuant to Fed. R. Civ. P. 12(f).

8.      Similarly, the "False Claims" affirmative defense number 7 is based on the allegations in Defendants' motion to strike/ dismiss in which Defendants allege that certain of the factual allegations DSI Ventures asserts in its Original Petition are false.  Specifically, in their Motion to Dismiss (Dkt. No. 42), Defendants specially challenge the factual allegations in paragraphs 5.2, 5.3 and 5.4 of Plaintiff DSI Ventures' Original Petition.  *See* Dkt. No. 42, pp. 12 through 15.  In their Answer, Defendants deny the factual allegations in paragraphs 5.2, 5.3 and 5.4 of the Original Petition.  Therefore, the "False Claims" affirmative defense is simply a negative defense because it denies the allegations in the complaint.  An affirmative defense that merely restates a denial of allegations made elsewhere in a defendant's answer is redundant and should be struck under Fed. R. Civ. P. 12(f).  *Federal Trade Comm'n v. Think All Publishing, L.L.C.*, 564 F. Supp. 2d 663, 665-66 (E.D. Tex. 2008)

**Affirmative Defenses 2 Through 6 and 8 Through 10 are Insufficient Defenses and Should be Stricken under Rule 12(f).**

9.     Defendants' Affirmative Defenses 2 through 6 and 8 through 10 are not legitimate affirmative defenses to the trademark infringement, unfair competition and unjust enrichment claims DSI Ventures has alleged against Defendants arising out of Defendants' use of the mark "CoolFluids." Instead, Affirmative Defense 2 through 6 and 8 through 10, although characterized as affirmative defenses, are effectively claims against Dawn Allen unrelated to the trademark infringement claim and are insufficient defenses which should be stricken.

10.     FED. R. CIV. P. 8(c) requires a party responding to a pleading to affirmatively allege "any avoidance or affirmative defense" and provides a list of eighteen possible affirmative defenses. "An affirmative defense is defined as a defendant's assertion of facts and argument that, if true, will defeat the plaintiff's claim, even if all the allegations in the complaint are true, and the defendant bears the burden of proving an affirmative defense." *Wilkerson v. Stalder*, No. Civil Action No. 00-304-RET-DLD, 2010 WL 1293375, *2 (M.D. La. Feb. 22, 2010) citing BLACK'S LAW DICTIONARY 482 (9th ed. 2009). "'Avoidance' in pleadings means the 'allegation or statement of new matter, in opposition to a former pleading, which, admitting the facts alleged in such former pleading, shows cause why they should not have their ordinary legal effect.'" *Id.*; *See also, Ingraham v. United States*, 808 F.2d 1075 (5th Cir.1987). An affirmative defense is an "insufficient defense" if, taking all the factual allegations as true, it is not related to the controversy, cannot succeed to relieve the defendant of liability and may prejudice the plaintiff. See *Falley v. Friends University*, 787 F. Supp. 2d 1255, 1257 (D. Kan. 2011). An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence. *Wright v. Southland Corp.* 187 F.3d 1287, 1303 (11th Cir. 1999). To summarize, an alleged affirmative defense is an "insufficient defense"

and should be stricken if, after assuming the plaintiff has proven its claims by a preponderance of the evidence and after assuming the defendant proves its affirmative defense, the defendant would still not be entitled to judgment on plaintiff's claims.

11.     In an effort to protect its registered trademark from infringement by Defendants based on Defendants' conduct which began in 2017 and to recover damages caused by Defendants' infringement, DSI Ventures filed this lawsuit against Defendants Sundin and Engineered Fluids, LLC in August 2017.  Affirmative Defenses 2 through 6 and 8 through 10 as alleged by Defendants will not relieve Defendants of liability for trademark infringement and are, therefore, insufficient defenses.

a.     The first "False Claims" affirmative defense, affirmative defense number 2, is based on the allegation that Dawn Allen made a material misrepresentation at the hearing on the preliminary injunction when she denied that David Sundin either owned or was to receive 50% of the shares in DSI Ventures based on an agreement allegedly made in 2007. Even if it is true that Dawn Allen wrongfully denied an agreement made in 2007 to convey shares of stock in DSI Ventures to Defendant Sundin, such conduct by Dawn Allen is not a defense to DSI Ventures' trademark infringement claims which arose in 2017.

b.     As to the "Lack of Standing" affirmative defense, Defendants do not allege that DSI Ventures lacks standing to bring its trademark infringement claims.  Instead, Defendants allege that Dawn Allen is 50% owner of DSI Ventures, that Defendant Sundin is owner of the other 50% and that Defendant Sundin opposes this lawsuit.  Even if this Court accepts as true that Dawn Allen lacks standing to pursue a claim for trademark infringement, Defendants' affirmative defense fails because Dawn Allen is not a party to the lawsuit and has not alleged any claim for trademark infringement.  In addition,

Defendants' "Lack of Standing" affirmative defense is essentially a challenge to the decision of DSI Ventures' officer and directors to bring this lawsuit, *i.e.*, whether or not it should be brought, which is not permitted based on the well-established business judgment rule. "In Texas, the business judgment rule protects corporate officers and directors from being held liable to the corporation for alleged breach of duties based on actions that are negligent, unwise, inexpedient, or imprudent if the actions were 'within the exercise of their discretion and judgment in the development or prosecution of the enterprise in which their interests are involved.'" *Sneed v. Webre*, 465 S.W.3d 169, 178 (Tex. 2015) quoting *Cates v. Sparkman*, 73 Tex. 619, 11 S.W. 846, 849 (1889). "The business judgment rule also applies to protect the board of directors' decision to pursue or forgo corporate causes of action." *Id*. Accordingly, the lack of standing affirmative defense as Defendants have alleged it (an owner of 50% of the shares in a corporation opposes the corporation's pursuit of a lawsuit) is not a legally-recognized defense. Moreover, even if it was and if successfully proven, it is not a defense to a trademark infringement claim.

c.      The "Unjust Enrichment" affirmative defense alleges that Dawn Allen "improperly enriched herself and should not benefit for[sic] her improper and illegal acts." Again, assuming these allegations are true, it is not a defense to DSI Ventures' trademark infringement claims that Dawn Allen has been unjustly enriched.

d.      Defendants' "Breach of Contract" affirmative defense is based on an alleged oral contract between Dawn Allen and David Sundin made in 2007 whereby Dawn Allen was obligated to convey back to David Sundin 50% of the shares of stock in DSI Ventures once Dawn Allen had successfully restored DSI Ventures' creditworthiness. Whether or not Dawn Allen failed to comply with an oral agreement between her and Defendant Sundin

to convey shares of stock is not a defense to, and has no bearing on, DSI Ventures' trademark infringement claims.  Therefore, Defendants' "Breach of Contract" affirmative defense should be stricken.

e.        The "Breach of Fiduciary Duty" affirmative defense fails because Dawn Allen does not owe a fiduciary duty to Defendant Sundin as Defendants allege.  The general rule in Texas is that shareholders, even in closely held corporations, do not owe fiduciary duties to one another. *See Hoggett v. Brown*, 971 S.W.2d, 472, 488 (Tex. App. – Houston [14th Dist.] 1997, pet. denied); *see also Allen v. Devon Energy Holdings, L.L.C.*, 367 S.W.3d 355, 391 (Tex. App. – Houston [1st Dist.] 2012, pet. granted, judgm't vacated w.r.m.); *Schoellkopf v. Pledger*, 739 S.W.2d 914, 920 (Tex. App. – Dallas 1984), rev'd on other grounds, 762 S.W.2d 145 (Tex. 1988); *Pabich v. Kellar*, 71 S.W.3d 500 (Tex. App. – Ft. Worth 2002, pet. denied).  Dawn Allen, as president of DSI Ventures, may owe a fiduciary duty to the corporation, DSI Ventures, and thus to the shareholders collectively, but she does not occupy a fiduciary relationship with an individual shareholder without the existence of some special relationship. *See Ritchie v. Rupe*, 443 S.W.3d 856, 883 (Tex. 2014); *Faour v. Faour*, 789 S.W.2d 620, 621–22 (Tex. App.–Texarkana 1990, writ denied) (citing *Kaspar v. Thorne*, 755 S.W.2d 151, 155 (Tex.App.-Dallas 1988, no writ); *Schoellkopf v. Pledger*, 739 S.W.2d 914, 918 (Tex.App.-Dallas 1987), rev'd on other grounds, 762 S.W.2d 145 (Tex.1988)).  However, even if Dawn Allen breached fiduciary duties owed to Defendant Sundin, her breach of fiduciary duties would not relieve Sundin of liability to DSI Ventures for trademark infringement.  According, the affirmative defense alleging breach of fiduciary duty should be struck in accordance with FED. R. CIV. P. 12(f).

f.      Defendants' "Unconscionability" affirmative defense is based on the allegation that "Ms. Allen is not able to keep property that she did not license or purchase."  Again, alleged wrongdoing by Dawn Allen involving property is unrelated to DSI Venture's trademark infringement claim and is not a defense to such claim.  Defendants' "Unconscionability" affirmative defense should be struck pursuant to FED. R. CIV. P. 12(f).

g.      The "Lack of Consideration" defense is based on the allegation that Dawn Allen acquired a 50% interest in DSI Ventures "without any consideration to Dr. Sundin."  Even if the Court assumes these allegations are true, these allegations are wholly unrelated to the trademark infringement claim and do not provide any defense to such claim.  As a result, the "Lack of Consideration" affirmative defense should be struck pursuant to FED. R. CIV. P. 12(f).

h.      The "Sanctions" affirmative defense is based on the allegation that Dawn Allen committed perjury during the hearing on the preliminary injunction (which she did not).  This affirmative defense fails because Dawn Allen has immunity from civil liability arising from her testimony in a judicial proceeding even if the testimony was perjured and malicious.  *Charles v. Wade*, 665 F.2d 661, 666 (5th Cir. 1982).  Even though there is no civil liability and no civil remedy against Dawn Allen, taking Defendants' allegations as true, the consequence of false testimony is criminal prosecution or criminal sanction.  *Id.* at 667.  Moreover, the allegation that Dawn Allen "committed perjury on the stand" during the hearing on the preliminary injunction is moot because this Court denied Plaintiff's application for a preliminary injunction.  For these reasons, FED. R. CIV. P. 12(f) supports the striking of Defendants' "Sanctions" affirmative defense.

WHEREFORE, for the foregoing reasons, Plaintiff DSI Ventures, Inc. respectfully requests that the Court grant the Motion to Strike Affirmative Defenses 1 through 10 alleged by Defendants David Sundin and Engineered Fluids, LLC in their Amended Answer, Affirmative Defenses and Counterclaims.

KENT, ANDERSON, BUSH, FROST & METCALF, P.C.

By: /s/ *David J. Bush*
    **David J. Bush**
    State Bar No. 03495300
    Email: david.bush@tyler.net
    **David W. Frost**
    State Bar No. 24002111
    Email: dfrost@tyler.net
    **Donald W. Cothern**
    State Bar No. 04858550
    Email: dcothern@tyler.net

    2320 Dueling Oaks Drive
    Tyler, Texas 75703
    Telephone: (903) 579-7500
    Facsimile:   (903) 581-3701

    **Lance Lee**
    Attorney at Law
    5511 Plaza Drive
    Texarkana, TX 75503
    Telephone: (903) 223-0276
    Facsimile: (903) 223-0210
    Email: wlancelee@gmail.com

    **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I hereby certify that the undersigned counsel has complied with the meet and confer requirement in Local Rule CV-7(h) by way of a letter to opposing counsel dated January 9, 2018, followed by a meeting with opposing counsel on January 11, 2018 and followed by an email to opposing counsel dated February 19, 2018, which, unfortunately, did not result in a resolution and which has required the filing of the foregoing Motion to Strike Affirmative Defenses.

/s/ *David J. Bush*
David J. Bush

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Strike Affirmative Defenses was served on Randall T Garteiser and Kirk Anderson, Garteiser Honea PLLC, 119 W. Ferguson St., Tyler, TX 75702, counsel of record for Defendants, by email and through the Court's ECF System on this 19th day of February, 2018.

/s/ *David J. Bush*
David J. Bush