UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DSI Ventures, Inc., | § § § | |
| Plaintiff, | § § | Case No. 6:17-cv-498-RWS |
| v. | § § § | Hon. Robert W. Schroeder, III |
| David W. Sundin and Engineered Fluids, LLC, | § § § § | |
| Defendants. | § § § | |

**DEFENDANTS' MOTION FOR FORFEITURE OF BOND PURSUANT TO FED. R. CIV. P. 65(c) TO OFFSET DAMAGES INCURRED BY WRONGFUL ENJOINMENT OF DEFENDANTS**

Defendants David W. Sundin and Engineered Fluids (hereinafter, collectively "Defendant"), by and through counsel, request forfeiture of the $5,000 bond pursuant to Fed. R. Civ. P. 65(c). Defendant requests the forfeiture for as the Court has denied the request for a permanent injunction and vacated the Temporary Restraining Order.

Defendant requests this court enter an order granting the forfeiture of DSI Venture's bond held in security of its Temporary Restraining Order. *Dkt.* 1-5. On, August 18, 2017, the Smith County Circuit Court issued a temporary restraining order (TRO) enjoining Defendant from using the "CoolFluids" mark. No attempt was made to contact local Defendant Dr. Sundin prior to moving *ex parte*.

Defendant removed this case from State Court to this Court to resolve the Federal Lanham Act violation. After removal, Defendant requested the bond be amended to more accurately reflect the economic harm defendants bore by the restraint, including the need to

1

defend against it. This Court denied that motion as moot when it dissolved the TRO and denied the motion for a preliminary injunction. In doing so, the Court held a three-day evidentiary hearing on the merits to determine the necessity of the preliminary injunction. Now, Defendant requests it be compensated for the damage incurred from this inappropriate proceeding. Like at the hearing, even after over 8 months of discovery, DSI Ventures still has no evidence of actual confusion of Trademark Infringement.[1]

1. **Recovery on Bond Pursuant to Fed. R. Civ. Proc. 65(c)**

An enjoined defendant is entitled to recover damages, including the release of a TRO bond when a court determines after the *ex parte* was wrongfully enjoined. *Continuum CO. v. Incepts, Inc.* 873 F.2d 801, (5th Cir. Ct. of Appeals, 1989). This is true when a Plaintiff make an inadequate showing of likelihood of success on the merits. *See e.g. Northeast Airlines v. Nationwide Charters & Conventions, Inc.*, 413 F.2d 335 (1st Cir. 1969); *Future Fashions, Inc. v. American Sur. Co.*, 58 F. Supp. 36 (S.D.N.Y. 1944) (awarding damages on the bond when the injunction was vacated because of an inadequate showing of likelihood of success on the merits); *see also Wainwright Sec., Inc. v. Wall St. Transcript Corp.*, 80 F.R.D. 103, 107 (S.D.N.Y. 1978) ("stand for the proposition that when a trial court is found to have abused its discretion in granting an injunction, the injunction was 'wrongful' ").

Here, DSI Ventures made an inadequate showing of evidence. There was likelihood of confusion only as to where Dr. Sundin presently works, given DSI Ventures rash decision to eliminate him immediately. But Plaintiff DSI Ventures never presented any evidence of

---

[1] Tellingly, DSI Ventures has never moved to reclassify its "goods" grouping as DSI Ventures indicated it would do at the hearing. The Court may recall Defendant pointed out at the hearing that Opticool Fluids was not being used in a classification containing other chemicals, or cooling fluids, dielectric or not.

confusion related to the actual "OPTICOOL FLUID" trademark. Also, DSI Ventures disclaimed any right to trademark the term "fluid."

Here, originally Emerald Cooling Technologies, Inc., now doing business as OptiCool Technologies, LLC, a third party to this entire dispute, first obtained the OPTICOOL trademark. *See* Dkt. 15-15; *Sundin,* Decl., Ex. 14. OptiCool Technologies' trademark registration recites as follows: "Refrigeration Apparatus Collecting Heat Directly From Mainframe Computers and Exhausting the Collected Heat, in Class 11 (U.S. CLS. 13,21,23,31 AND 34)." *Id.; see also* Dkt. 15-7; Sundin Decl. Exhibit 6.

OptiCool Technologies only allowed DSI Ventures to use the name OptiCool Fluid in International Classification 17. Dkt. 15-7; Sundin Decl., Ex. 6. Additionally, the Trademark Office made Plaintiff DSI Ventures attest that: "**No claim is made to the exclusive right to use 'fluid' apart from the mark as shown**." *See* Dkt. 15; Sundin Decl., Exs. 2, 12.

DSI Ventures presented no evidence of confusion by a customer or potential customer over its Trademark Opticool Fluid with Engineered Fluids' "CoolFluids" product line. DSI Ventures has no claim to use the term "Fluid" apart from with the word "Opti." And a company named Opticool Technologies that sells products that uses refrigeration fluids to cool down the air blown onto computer servers, among other things presently owns the Trademark Opticool and DSI Ventures knows all of this as it had to get a waiver signed by Opticool to obtain a trademark to the phrase "Opticool fluid" in an inappropriate field of International Goods Classifications.

**2. Issuance of the Bond and Its Amount.**

Before a court can issue an interlocutory injunction, a bond that is sufficient to compensate a defendant is required under Rule 65(c). Although the amount is discretionary, courts should require a plaintiff to post a bond equal to the amount of costs and damages that the court estimates will result from the injunction. *Paccar Int'l, Inc. v. Central Bank of Kuwait*, No. CV 84-3255-DWW (Jrx), slip op. at 2 (C.D. Cal., July 9, 1985). Here, the issuing Court issued the bond without the benefit of the Defendant's input. Plaintiff did not challenge the amount, and promptly posted the bond to get its *ex parte* temporary restraining order issued. Plaintiff DSI Ventures sued Defendant David Sundin, as an individual in this litigation, which created an immediate economic strain on him given immediacy of a TRO and Preliminary Injunction proceeding. The other Defendant, Engineered Fluids is a company formed by David Sundin and Gary Testa, the latter is from California to develop and market dielectric fluids to be used to lower the temperature of computer equipment. Attached to this motion are supporting declarations from Dr. Sundin and Mr. Testa attesting to each of their respective damages associated with the TRO and preliminary injunction time frame.

Once the conditions of the bond have been set, the recovery of the bond upon a wrongful enjoinment is automatic. Fed.R.Civ.P. 65(c) ("[M]ovant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."). Here, Plaintiff DSI Ventures knew exactly how to contact Dr. Sundin, who lived in Tyler right where Plaintiff DSI Ventures has its only office.[2] But Plaintiff DSI Ventures strategically moved *ex parte* for an unexplained reason to get

---

[2] Defendant David Sundin and his colleague at Engineered Fluids, Gary Testa, both have submitted declarations in support of this motion. Counsel for Defendant has met and conferred at least twice of the last four months to avoid motion practice as to the amount of forfeiture of this bond. Defendant believes the law is unclear as to whether damages could be recovered for the time spent by the individuals defending the immediacy of the preliminary injunction hearing. Ultimately, Defendant offered just simply forfeiture of the bond amount $5,000, even

a TRO with a proposed order that expanded the injunction to include tabular presentation of dielectric fluids physical characteristics, regardless of the trademark associated with the information.  This made it impossible for Engineer Fluids to sell any products in the marketplace.

Preliminary Injunction hearings request a lot from the Court and the Defendants involved. Forfeiture of the bond set by the Court under Rule 65, predetermines the amount of damages Defendant suffered. Here, at a minimum, the Court should award Defendant for its damages, the $5,000 bond. But since Plaintiff offers no excuse for not contacting or even calling David Sundin before moving *ex parte*, in this instance, the amount recovered should be increased to cover the actual damages suffered by the Defendants. This does not include attorney fees.

### 3. Conclusion

In the instant case, the Court denied Plaintiff DSI Ventures's request for a permanent injunction against Dr. Sundin, the founder of Plaintiff DSI Ventures, and Engineered Fluids. DSI had the opportunity to stop pursuing a preliminary injunction based on information shown at the hearing, but refused to do so.  DSI agreed to and paid the bond amount set by the Court without its counsel making any attempt to contact Defendant prior to moving *ex parte*. As a result, Plaintiff properly posted and now conceded liability in the amount at a minimum of $5,000 in Defendant's damages. Defendant requests the Court issue an order for the clerk of the Court to release the bond to Defendant. Additionally, Defendant requests the Court order

---

though that was inadequate to compensate defendant's costs and damages having to rush through a preliminary injunction hearing, which was essentially a three day trial on the merits. Plaintiff denied that demand as well making the current motion a requirement to make the Defendant whole for having to defend against the extraordinary relief of a preliminary injunction.  Plaintiff stated that attorney fees were not recoverable for a preliminary injunction.

additional payment be made by Plaintiff DSI Ventures in the amount of $52,150, which is total damages suffered by Dr. Sundin and Mr. Testa, as stated in their supporting declarations ($29,550 and $27,600) minus the $5,000 issued by the Clerk of the Court.

May 16, 2018                                                                                Respectfully submitted,

                                                                              */s/ Randall Garteiser*
                                                                              Randall T. Garteiser
                                                                                Texas Bar No. 24038912
                                                                                rgarteiser@ghiplaw.com
                                                                              Christopher A. Honea
                                                                                Texas Bar No. 24059967
                                                                                chonea@ghiplaw.com

                                                                              **GARTEISER HONEA, P.C.**
                                                                                119 W. Ferguson Street
                                                                                Tyler, Texas 75702
                                                                                Telephone: (903) 705-7420
                                                                                Facsimile: (888) 908-4400

                                                                              *Counsel for Engineered Fluids and*
                                                                              *David W. Sundin*

**Certificate of Service**

    The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email.

                                                                              /s/ Randall Garteiser

**Certificate of Conference**

      The undersigned certifies that he met with counsel for DSI Ventures on two occasions. DSI Ventures opposes the forfeiture of its $5,000 bond and the payment of any additional amount in actual damages suffered by the Gary Testa and Dr. Sundin.

                                                                                      <u>/s/ Randall Garteiser</u>