UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DSI Ventures, Inc. | § § § § § § § § § § § § | Case No. 6:17-cv-498-RWS |
| Plaintiff, | | |
| v. | | |
| David W. Sundin and Engineered Fluids, LLC, | | |
| Defendants. | | |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO COMPEL PLAINTIFF'S DAMAGES UNDER THE LANHAM ACT**

Defendants, Dr. David W. Sundin and Engineered Fluids, LLC (hereinafter "Sundin" and "Engineered" or collectively "Defendant"), by its counsel, have requested an order compelling Plaintiff, DSI Ventures, Inc.'s, (hereinafter "DSI"), to produce sales revenue for its descriptive trademark, OptiCool Fluids, that Plaintiff accuses Defendant of infringing starting in 2017. While ignoring its own Complaint, Plaintiff contends that the sales revenue generated by OptiCool Fluids is not relevant to the allegations made in Plaintiff's complaint. This is squarely wrong.

In its claim of unfair competition, Plaintiff claims that its descriptive trademark OptiCool Fluids has "suffered a reduction in value and impairment." *Dkt. 2, ¶ 7.5*. As such, a request for sales revenue generated from OptiCool Fluids is directly related to Plaintiff's claims and the Court should order the sales revenue to be produced. Plaintiff's refusal to produce documents that are so closely related to its own claims requires judicial intervention for the reasons below.

1. Once Plaintiff clarified that it was not producing its own sales revenue for OptiCool Fluids under the Court's discovery order even though it had done so for mediation,

1

Defendant met and conferred and then moved to compel as Plaintiff's counsel disagreed with the request to the produce the revenue numbers in support of Defendants' defense.



FIGURE 1 - DOCUMENT FILED AS EXHIBIT 2 AT DOCKET 118-2 (ISSUE WITH THE SCAN OF THAT COPY).

2. Again, Plaintiff had already disclosed sales revenue for OptiCool Fluids for 2016 and 2017. But Plaintiff waited until later in March 2019 to clarify that this information was not "produced" for the litigation and instead just "produced" for settlement discussions.

3. Then, as stated in Defendants' motion to compel, "Plaintiff took the position that Plaintiff never intended those financial documents related to its revenue for its Trademarked OptiCool Fluids to be produced…[and that] Plaintiff has no obligation to provide its revenue figures." *Dkt. 118*, ¶4.

4. Discovery is governed by, Rule 26 of the Federal Rules of Civil Procedure. Rule 26 provides a party with the authority to obtain discovery of any matter that is "relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and locations of persons having knowledge of any discoverable matter.... Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Relevancy is construed liberally so that the basic issues and facts of the case are disclosed to the fullest extent practical. *Exp. Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 262 (W.D. Tex. 2006).

5. Here, the Plaintiff has not met its burden in proving that the requested financial documents should not be produced. Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure of discovery." Fed. R. Civ. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Export Worldwide, Ltd. v Knight*, 241 F.R.D. 259, 263 (W.D. Tex., 2006). Once the moving

party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

6. The Fifth Circuit has upheld the disclosure of sales revenue when a party claims damages under the Lanham Act. In *OrthoAccel Techs., Inc. v. Propel Orthodontics, LLC*, the court ordered the disclosure of Propel's financial documents allowing OrthoAccel to properly defend against Propel's counterclaims seeking damages. There, the court found "that the materials and information sought are relevant because they are critical to OrthoAccel's damages analysis. The burden is on Propel to show why the requested financials are irrelevant, overly broad, unduly burdensome or oppressive." *OrthoAccel Techs., Inc. v. Propel Orthodontics, LLC*, No. 4:16-CV-00350-ALM, 2017 WL 1294451, at *3 (E.D. Tex. Apr. 4, 2017), see also *Export Worldwide, Ltd.*, 241 F.R.D. at 263.

7. Further, Plaintiff requests this Court hold the instant motion in abeyance until the Court issues its disposition on Plaintiff's motion to dismiss. However, this case is no longer stayed, and approaching its trial date. Any further delay in production of documents will be prejudicial to Defendants preparation of its defense to this case, including a finding of no unfair competition and no loss of good will and no.

The requested OptiCool Fluids revenue for 2016 and 2017 are directly related to the case and Defendants' defense against Plaintiff's claim for unfair competition, loss of goodwill, and to directly contradict Plaintiff's allegation that it "suffered a reduction in value and impairment." Dkt. 2, ¶ 7.5.

As such, the Court should grant Defendants' motion for an order compelling Plaintiff to produce these documents that are limited in scope to just two years, and proportional to the

case as Plaintiff need only provide revenue for the allegedly infringed trademarked product OptiCool Fluids for 2016 and 2017.

Dated: April 2, 2019

                                                       Respectfully submitted,

                                                       /s/ Randall Garteiser
M. Scott Fuller
 Texas Bar No. 24036607
 sfuller@ghiplaw.com
Randall T. Garteiser
 Texas Bar No. 24038912
 rgarteiser@ghiplaw.com
Christopher A. Honea
 Texas Bar No. 24059967
 chonea@ghiplaw.com
**GARTEISER HONEA**
 119 W. Ferguson Street
 Tyler, Texas 75702
 Telephone: (903) 705-7420
 Facsimile: (888) 908-4400

Certificate of Service

    The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email.

                                                       /s/ Randall Garteiser