IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DSI VENTURES, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § | CASE NO. 6:17-CV-498-RWS |
| DAVID W. SUNDIN AND ENGINEERED FLUIDS, INC., | § § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff's Motion for Order Dismissing Case Without Prejudice (Docket No. 108). After considering the briefing and relevant authority, Plaintiff's motion (Docket No. 108) is **GRANTED**.

### BACKGROUND

This matter was originally filed in Smith County, Texas on August 17, 2017. Docket No. 1. Plaintiff alleged trademark infringement, unfair competition and unjust enrichment. *Id.* Defendants David Sundin and Engineered Fluids, Inc. removed the case to this Court on September 1, 2017. *Id.* Prior to removal, the state court issued a temporary restraining order ("TRO") enjoining certain conduct by Defendants related to "CoolFluids" products, primarily the marketing, selling or advertising uses of the mark "CoolFluids." *See* Docket No. 1-5. The TRO was extended by agreement of the parties twice, once before and once after removal of this case. Docket No. 7. Following removal, the Court denied Plaintiff's request for a preliminary injunction and vacated the TRO. Docket No. 37.

On December 19, 2017, Defendants filed an answer and asserted counterclaims against Plaintiff.  Docket No. 51.  Defendants subsequently filed multiple amended answers.  *See* Docket No. 63, 70, 75, 83.  Per the parties' agreement, the case was stayed from June 27, 2018 until October 29, 2018 to "permit the parties to continue with mediation and to conduct necessary due diligence tailored to resolving the case."  Docket No. 94.  The parties were unable to settle.  Docket No. 95.  After the stay was lifted, but before the Court set a schedule, Defendants voluntarily dismissed their counterclaims on January 11, 2019.  Docket No. 103.  The Court entered a Docket Control Order on January 31, 2019 setting the schedule of deadlines.  Docket No. 106.  On February 14, 2019, Plaintiff filed an opposed motion for voluntary dismissal without prejudice pursuant to Rule 41(a)(2).  Docket No. 108.  Defendants filed an opposition.  Docket No. 112.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  FED. R. CIV. P. 41(a)(2); *accord Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 & n.2 (5th Cir. 2002).  "The decision to dismiss an action rests within the sound discretion of the trial court and may only be reversed for an abuse of that discretion."  *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985); *see United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003) (citation omitted).  Generally, a motion for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the possibility of a second lawsuit.  *Doe*, 343 F.3d at 330 (*citing Elbaor*, 279 F.3d at 317).

In evaluating a motion for voluntary dismissal under Rule 41, the Court should take into consideration whether an unconditional dismissal will cause the non-movant to suffer legal prejudice.  Legal prejudice is defined as "prejudice to some legal interest, some legal claim, some legal argument."  *See Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).  The

following factors are taken into consideration when determining whether the Court should deny a Rule 41(a)(2) motion for voluntary dismissal: (1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant. *Elbaor*, 279 F.3d at n.3 (quoting *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998)).

When the non-moving party will suffer some plain legal prejudice, the Court may, in its discretion, deny the motion or impose conditions to cure the prejudice. *Id.* at 317–18. The potential that additional expense may be incurred in relitigating the matter in another forum, or at a later date, is insufficient to support a finding of legal prejudice necessary for denial of a Rule 41(a)(2) motion for voluntary dismissal. *See Doe*, 343 F.3d at 330.

## DISCUSSION

Defendants have not sufficiently demonstrated prejudice that justifies denying Plaintiff's request for voluntary dismissal. Defendants argue that they will be prejudiced because "a ruling on the merits is imminent." Docket No. 112 at 2. Defendants assert that Plaintiff's request for a preliminary injunction was rejected and that Plaintiff has not produced any documents showing a likelihood to succeed on the merits or establishing damages. *Id.* at 2–3. Defendants also argue that their Motion for Forfeiture of Bond (Docket No. 85), which was pending at the time they filed their opposition, supports denying dismissal.

None of the factors articulated in *Elbaor* support Defendants' position. As to the first and second factors, although this case has been pending for some time, Defendants filed multiple amended pleadings and counterclaims and the parties agreed to a stay for mediation purposes. Defendants also voluntarily dismissed their counterclaims after the stay was lifted due to the failed mediation. Docket No. 103. Defendants have not shown that their efforts and expenses in this

case support denying dismissal, that there has been excessive delay or that Plaintiff lacked diligence in prosecuting this action. For the third factor, Plaintiff asserts that Rule 41(a)(2) "does not readily permit a plaintiff to dismiss its claims without prejudice if a counterclaim is pending" and that it filed a motion for voluntary dismissal shortly after Defendant dismissed its counterclaims. Docket No. 117 at 1–2 (citing FED. R. CIV. P. 41(a)(2)). Defendant does not appear to dispute this assertion.

The fourth factor also weighs against Defendants. Defendants have not filed a motion for summary judgment. Although Defendants argue that "a ruling on the merits is imminent," Defendants do not further identify this imminent ruling. At the time Defendants filed their opposition to Plaintiff's motion to dismiss, Defendants had filed a motion for forfeiture of bond (Docket No. 85) and Plaintiff had filed a motion to compel (Docket No. 107). The Court has already denied the motion for forfeiture of bond. Docket No. 123. To the extent Defendants refer to summary judgment motions, Defendants have not filed any. To the extent Defendants refer to trial, Plaintiff filed its motion before the discovery deadline and shortly after Defendants' decision to dismiss its own counterclaims.

Taking all the relevant factors into consideration, the Court finds that Defendants have not shown sufficient prejudice to justify denying Plaintiff's voluntary motion to dismiss or to impose curative conditions.

**CONCLUSION**

For the reasons explained above, Plaintiff's Motion for Order Dismissing Case Without Prejudice (Docket No. 108) pursuant to Federal Rule of Civil Procedure 41(a)(2) is **GRANTED**. It is accordingly

**ORDERED** that all claims by Plaintiff DSI Ventures, Inc. against Defendants David W. Sundin and Engineered Fluids, Inc. are hereby **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that all remaining requested relief is **DENIED AS MOOT**.

Each party shall bear its own attorneys' fees and costs.

The Clerk of the Court is directed to close this case.

**SIGNED this 5th day of April, 2019.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE